1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

9  AGUSTIN MUNOZ PEREZ,                    CASE NO. 13cv108-WQH-BLM

10                          Plaintiff,       ORDER

        vs.
11  METROPOLITAN TRANSIT SYSTEM,

12                          Defendant.

13  HAYES, Judge:

14          The matters before the Court are the Motion to Proceed In Forma Pauperis (ECF No.

15  3) and the Motion to Appoint Counsel (ECF No. 2).

16                          **BACKGROUND**

17          On January 15, 2013, Plaintiff Agustin Munoz Perez, proceeding pro se, initiated this

18  action by filing a Complaint (ECF No. 1), a Motion to Proceed In Forma Pauperis (ECF No.

19  3), and a Motion to Appoint Counsel (ECF No. 2).

20              **MOTION TO PROCEED IN FORMA PAUPERIS**

21          All parties instituting any civil action, suit or proceeding in a district court of the United

22  States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28

23  U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee

24  only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C.

25  § 1915(a). *See Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma

26  pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

27          In his affidavits in support of the pending motions, Plaintiff states that he is

28  unemployed, he has $800 in a checking account, he owes $550 each month for rent, and he

1    does not own real estate, an automobile or any other valuable property.  (ECF No. 2 at 5-7;

2    ECF No. 3 at 2-3).  The Court concludes that Plaintiff is entitled to proceed in forma pauperis.

3                **INITIAL SCREENING PURSUANT TO 28 U.S.C. § 1915(E)(2)(B)**

4           After granting in forma pauperis status, a Court must dismiss a complaint sua sponte

5    if the complaint "fails to state a claim on which relief may be granted."  28 U.S.C. §

6    1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).  In addition, "[i]f

7    the court determines at anytime that it lacks subject-matter jurisdiction, the court must dismiss

8    the action."  Fed. R. Civ. P. 12(h)(3).

9           The standard used to evaluate whether a complaint states a claim is a liberal one,

10   particularly when the action has been filed pro se.  *See Estelle v. Gamble*, 429 U.S. 97, 97

11   (1976).  However, even a "liberal interpretation ... may not supply elements of the claim that

12   were not initially pled."  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th

13   Cir. 1982).  "[P]ro se litigants are bound by the rules of procedure."  *Ghazali v. Moran*, 46 F.3d

14   52, 54 (9th Cir. 1995).  Federal Rule of Civil Procedure 8 provides that "[a] pleading that states

15   a claim for relief must contain ... a short and plain statement of the claim showing that the

16   pleader is entitled to relief...."  Fed. R. Civ. P. 8(a).  "[A] plaintiff's obligation to provide the

17   grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

18   recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550

19   U.S. 544, 555 (2007) (quotation omitted).

20          Federal courts—unlike state courts—are courts of limited jurisdiction and lack inherent

21   or general subject matter jurisdiction.  Federal courts can only adjudicate those cases in which

22   the United States Constitution and Congress authorize them to adjudicate.  *See Kokkonen v.*

23   *Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  In the federal courts, subject matter

24   jurisdiction may arise from either "federal question jurisdiction" or "diversity jurisdiction."

25   *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. §§ 1331-32.  To

26   invoke diversity jurisdiction, the complaint must allege that "the matter in controversy exceeds

27   the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of

28   different States ... [or] citizens of a State and citizens or subjects of a foreign state...."  28

U.S.C. § 1332(a).  To invoke federal question jurisdiction, the complaint must allege that the "action[] aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

The Complaint, in its entirety, reads:

I'm suing the Metropolitan Transit System and the State as well because of the damage physically and emotionally caused.  My health benefits have gone down to 50% when originally it was 100% because of the incident that happened 3 years ago.  As a citizen of the United States my civil rights were abused.

(ECF No. 1 at 1).

These allegations are insufficient to put Defendant on notice of the claims against it, as required by Rule 8 of the Federal Rules of Civil Procedure.  The Court concludes that the Complaint must be dismissed because it fails to state a claim on which relief can be granted and fails to allege a basis for federal court subject-mater jurisdiction.

## MOTION TO APPOINT COUNSEL

A district court may appoint counsel "[u]pon application by the complainant and in such circumstances as the court may deem just...."  42 U.S.C. § 2000e-(5)(f)(1)(B).  "Three factors are relevant to a trial court's determination of whether to appoint counsel: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim."  *Johnson v. U.S. Treasury Dep't*, 27 F.3d 415, 416-17 (9th Cir. 1994) (quotation omitted).

In his affidavit, Plaintiff states that he has not talked with any attorney about handling his claim and he does not explain any other efforts he has made to contact an attorney.  (ECF No. 2 at 3-4).  In light of Plaintiff's failure to demonstrate any efforts made to secure counsel and the Court's dismissal of the Complaint for failure to state a claim, the Court finds that the second and third factors outlined in *Johnson* weigh against appointing counsel.  The Motion to Appoint Counsel is denied without prejudice.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Proceed In Forma Pauperis is GRANTED (ECF No. 3), and the Motion to Appoint Counsel (ECF No. 2) is DENIED.  The Complaint is DISMISSED without prejudice.  No later than THIRTY (30) DAYS from the

1  date of this Order, Plaintiff may file an amended complaint, which shall be entitled, "First
2  Amended Complaint," and which shall comply with the Federal Rules of Civil Procedure and
3  adequately allege a basis for subject-matter jurisdiction.  If Plaintiff does not file a first
4  amended complaint within thirty days, the Court will order this case to be closed.
5  DATED:  January 25, 2013

6                                              **WILLIAM Q. HAYES**
7                                              United States District Judge